GERDA "DOE," Mother, in Behalf of BETTINA "DOE," Petitioner,
*v.* ALBERT "DOE," Respondent.

Domestic Relations Court of New York, Family Court, New York County,
September 29, 1941.

*Arnold LeBell,* for the petitioner.

*John A. Klett,* for the respondent.

PANKEN, J. The respondent on this petition is the father of Bettina, for whose support an order is sought — an order to require the respondent to provide fair and reasonable support for her according to his means and earning capacity.

The issue of the marriage between the mother and father is the child on whose behalf the petition is filed and a boy named Walter. Walter is the younger of the two children.

A temporary order was made herein requiring the respondent to contribute the sum of twenty dollars towards the support and maintenance of Bettina. It is also asked that respondent be required to meet the necessary dental bills for dental services for and on behalf of Bettina.

The hearing on this petition was rather protracted and the witnesses herein were heard from time to time as conditions permitted and counsel and the parties requested.

In the course of the hearings the respondent requested the right of visitation of his child, Bettina, and the mother requested the right of visitation of the child Walter. Provision was made for visitations. On April 28, 1941, I directed that Walter was to spend Saturdays from two P. M. to six P. M. with his mother and Bettina

was to spend Sundays between ten A. M. and one P. M. with her father. Subsequent thereto and on or about the 27th of June, 1941, the order for visitation referred to above was modified to the extent that the child Walter was to see his mother bi-weekly instead of weekly during the months of July and August, 1941; and the daughter, Bettina, was to see her father bi-weekly instead of weekly during that same period. The provision for the visitations as provided for in the order of June 27, 1941, during the months of July and August was to make it possible for both children to benefit by and from their absence from the city either in camps or elsewhere during their vacations from school.

The respondent objects to an order for the visitations by the mother of the child Walter, and argues that since only Bettina was before the court, no order could be made by this court with respect to the child Walter.

A stringent construction of the powers of this court would seem to favor that argument. Subdivision (7) of section 92 of the Domestic Relations Court Act of the City of New York establishing this court reads:

" In case where a child is involved to make an ' order of protection,' in assistance or as a condition of an order for support, setting forth conditions of behavior to be observed for a specified time which shall be binding upon husbands or wives, or both, as circumstances may require, and which must be reasonable.

" Such orders may require either spouse   *   *   *.

" (b) To permit the other to visit the children at stated periods."

There are other provisions in subdivision (7) of section 92 which are not germane to the problem presented to the court in this proceeding.

The court must construe legislative acts in response to a common sense viewpoint. It must be assumed that the Legislature in enacting any law finds the basis for that law in common sense.

Section 92 of the act defines the jurisdiction and powers of this court in as far as it affects litigants in family relations. Subdivision (7) defines the jurisdiction and powers of this court where a child is involved. However, in subdivision (b) of the same section reference is made for visitation by parents of children. It must be assumed that when a petition is filed on behalf of a child in the Family Division of the court, it raises a question which must be solved in the light of family relationships.

The mother of Walter might apply to the Supreme Court for a writ of habeas corpus and pray for the right which by nature she is entitled to — the right of association with the child that she has borne and brought into the world; and to preserve the child's right to have the love, sympathy and understanding of his mother.

It would appear from the language of the statute that this court has concurrent jurisdiction with the Supreme Court of the State of New York in providing for visitation by parents of their children. The act gives that power to this court.

Law instituted amongst men for regulating their relationship, reflects common decency. It is based on moral principles. Law cannot be good unless it follows the pattern which nature has devised. That which is unnatural cannot be lawful. That which is natural is reflected in the law.

Parental love is precious. It is a sentiment upon which children thrive. Love and respect by children of their parents are the recompense which they receive for sacrifices made on behalf of their offspring. To deprive a mother of her right to see her child is to deprive her of a precious privilege indeed. The law in our land recognizes these rights and these privileges.

And so, the Legislature must have had that in mind when it enacted subdivision (7) of section 92 of the Domestic Relations Court Act of the City of New York. Can it be said that it empowered this court only to provide for visitation if the child is before the court and intended to exclude all other children in the family? That, I do not think was the intent of the Legislature. The family is before the court even if a petition is made only on behalf of one of the two children.

Since the conclusion of the trial, I received a copy of a letter addressed to the attorney for the petitioner from the attorney for the respondent, under date of September 12, 1941, some few days after school had reopened in the city of New York, in which he says that Walter is at the present time with his father in Denver, Col., according to advices which he had received from the father, the respondent herein. He says that the reason for the sojourn in Denver is because of the health of the child. He is unable to inform counsel when the child will return to New York city.

An order made now for the right of visitation by the mother of her child Walter would be futile. It cannot be enforced. The arm of this court does not reach into Colorado; nor will it avail the mother to make application to the Supreme Court of the State of New York for the right of visitation since both father and child are outside of jurisdiction.

The father's right to visit the child Bettina is preserved to him and he may, when he returns to New York, visit her as has been provided in the order heretofore made. The right of application of the mother to visit the child Walter is reserved to her which she may make when the child and the father are within the jurisdiction of this court.

There has been a considerable amount of testimony bearing upon the resources of the respondent. It is claimed that the fund upon which he draws is not altogether his; that it is part of a trust fund established on behalf of himself and others. There is no testimony what his interest is in that trust fund. There is no doubt, however, in my mind that he has the right to draw thereon.

Order, therefore, is made for the respondent to contribute twenty dollars weekly toward the support of Bettina. Order is also herein made requiring respondent to meet dental bills for dental services necessary and which I find necessary for his daughter Bettina. Let order as to the amount of dental bills be settled upon three days' notice.